OPINION
Defendant-appellant, Nicole C. Miller, appeals her conviction for driving under the influence of alcohol (DUI). Miller complains that the state obtained all evidence against her as a result of an unlawful stop.
On January 20, 1997, Oxford, Ohio Police Officer Regina Rapp was following behind Miller's car when she saw the vehicle "fade into the southbound lane." The officer testified that Miller's car came within five feet of another vehicle before Miller "quickly jerked back to the right * * *." When asked how far outside of her lane Miller traveled, the officer replied that "most of the front of the car was in the southbound lane." Officer Rapp stopped Miller, and subsequently cited her for DUI.
Miller filed a motion to suppress the evidence, alleging that the state's evidence was the result of an unlawful stop. The trial court denied the suppression motion after a hearing on February 21, 1997. Miller subsequently pled no contest, and the trial court found her guilty as charged.
On appeal, Miller complains that the trial court erred by refusing to suppress the evidence against her. Miller specifically argues that "[e]vidence of a single momentary or minuscule crossing of the center portion of the highway, without more, does not justify a stop of an automobile by police and some evidence of impaired driving is necessary."
A trial court must consider the particular circumstances surrounding any traffic or investigatory stop when considering a motion to suppress. See State v. Bobo (1988), 37 Ohio St.3d 177, paragraph one of the syllabus. Moreover, R.C. 4511.25(A)(2) provides in part that a vehicle must be driven upon the right half of the roadway unless an obstruction exists making it necessary to drive to the left of center.
The trial court accepted the officer's testimony that she saw Miller fade into the oncoming lane of travel and then abruptly "jerk" her car back into her own lane of travel. Miller's defense counsel suggests that Miller might have been trying to avoid a pothole in the road. Miller, however, introduced no evidence in that regard, and Officer Rapp testified that she did not notice any potholes in the road.
Under these circumstances, the trial court could properly find that Officer Rapp had a reasonable, articulable suspicion to stop Miller. The trial court, therefore, did not err in refusing to suppress the evidence here. Miller's sole assignment of error is overruled.
Judgment affirmed.
POWELL, J., concurs.
KOEHLER, J., dissents.